IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW SODERLIN,

               Plaintiff,

v.

LORI DOEHLING, ANGELA THOMPSON,
PAULA BRADY, Z. CASPER, T. GIMENEZ,
A. LAMORE, S. BUNK, BUREAU OF
HEALTH SERVICES, and MAXIM HEALTHCARE
SERVICES,

               Defendants.

OPINION AND ORDER

18-cv-899-wmc

*Pro se* plaintiff Matthew Soderlin, a prisoner at the Fox Lake Correctional Institution ("FLCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. Soderlin claims that defendants, various health care providers, violated his rights under the Eighth Amendment and state law by delaying or failing to provide him with refills for his prescribed medications. Soderlin's complaint is ready for screening as required by 28 U.S.C. § 1915A. Even construing his allegations liberally, however, the court has determined that Soderlin's complaint is subject to dismissal but will give him one opportunity to file a proposed amended complaint that corrects the deficiencies explained below.

ALLEGATIONS OF FACT[1]

While Soderlin is currently incarcerated at FLCI, he was incarcerated at Redgranite Correctional Institution ("RGCI") during the relevant time period. Soderlin has named

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint, unless otherwise noted.

nine defendants: the Wisconsin Department of Corrections Bureau of Health Services ("BHS"); six individuals who appear to have been working as nurses in RGCI's Health Services Unit ("HSU") during the relevant time period: Lori Doehling, Angela Thompson, Z. Casper, T. Gimenez, A. Lamore and S. Bunk; Maxim Healthcare Services ("Maxim"); and one Maxim employee, Paula Brady.

Soderlin suffers from Addison's disease, also called adrenal insufficiency, and hypothyroidism. Both of these conditions relate to his body's inability to produce sufficient hormones. To treat those conditions, Soderlin has been prescribed hydrocortisone and fludrocortisone. He alleges that his prescription dosages have steadily increased since 2013, and that he needs these medications to live.

Between May 17, 2017, and October 12, 2017, Soderlin stopped receiving his refills of his prescriptions in a timely fashion, resulting in him experiencing delays of up to five days before he received refills. When this happened, Soderlin alerted prison officials and HSU staff in an attempt to obtain timely refills. Soderlin alleges that he informed defendants, either by submitting Health Services Requests or directly informing them that he had run out of his medication, but he still experienced several-day delays when he needed refills. Soderlin does not allege who received his requests or when he informed them that his prescriptions were running out.

Soderlin next alleges, without providing any dates or names, that correctional officers informed the defendants that Soderlin was suffering from "stress" and that his condition was deteriorating because he was not receiving his medications in a timely fashion. Soderlin further alleges that after his endocrinologist at UW-Madison learned

2

that his refills were repeatedly delayed, that doctor emailed defendant Brady about the problem. Again, Soderlin does not allege when Brady received the email from the endocrinologist, nor does he allege how Brady responded to the email or if Brady simply ignored it.

Finally, Soderlin alleges that RGCI's psychologist informed Thompson about the delays and that Doehling and Thompson both were responsible for managing the HSU. Again, Soderlin does not provide any dates as to when any of the defendants learned that his prescriptions were delayed, nor has he described how individual defendants responded when these defendants learned about the delays.

OPINION

Plaintiff seeks leave to proceed against all of the defendants on Eighth Amendment deliberate indifference and Wisconsin claims. The court begins by explaining why the Bureau of Health Services and Maxim Healthcare Services will both be dismissed, and then will explain why plaintiff's claims against the remaining defendants are subject to dismissal.

I. Improper defendants

The court is dismissing the Bureau of Health Services as a defendant because it is not a "person" that may be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint."). Additionally, as for Maxim, a private company, plaintiff can only sue it as a state actor under § 1983 if he alleges that Maxim contracted

3

to provide essential government services and had a "policy or custom" that caused him not to receive his medications in a timely fashion. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Since plaintiff has not alleged that such a policy or custom was responsible for his medication lapses, Maxim will be dismissed as a defendant.

II.     Merits

Turning to the individual defendants, a prison official who violates the Eighth Amendment in the context of a prisoner's medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

"Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures. Thus, a plaintiff's claim has three elements under this standard:

1. Did plaintiff objectively need medical treatment?
2. Did defendants know that plaintiff needed treatment?
3. Despite their awareness of the need, did defendants consciously fail to take

4

reasonable measures to provide the necessary treatment?

Under Wisconsin law, the elements of a negligence claim are: (1) a duty of care on the part of the defendant; (2) a breach of the duty, which involves a failure to exercise ordinary care in making a representation or in ascertaining the facts; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 307 (1987).

However, plaintiff may not proceed on either type of claim at this time because his allegations fail to meet the requirements of Federal Rule of Civil Procedure 8. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The court will accept that plaintiff's Addison's disease and hypothyroidism, both of which require prescription medications, constitute serious medical needs. Accordingly, the operative question is whether plaintiff has pled sufficient facts to permit a reasonable inference that each individual defendant knew about this condition and his need for prompt medication, and failed to take reasonable measures in response. This is the point

5

at which plaintiff's claims falter. For one, while plaintiff may have complained to HSU staff that his prescriptions were not refilled on time, plaintiff has not provided any dates about when he reported that he needed refills, what he actually reported as his symptoms, or whether any of the named defendants actually received his complaints. Indeed, the only detail that plaintiff provided about the symptoms he experienced is that he reported to correctional officers that he was feeling "stress" and that his condition was "deteriorating." These allegations are too vague to permit a reasonable inference that any of the defendants had reason to know that he was experiencing a serious medical need.

Even assuming that these vague symptoms could have alerted any of the defendants to refill his prescriptions, plaintiff has not provided any dates as to when he was reporting that he needed refills, nor to whom he directed his complaints. Since it is well established that personal involvement is a prerequisite to liability under § 1983, *see Zimmerman*, 226 F.3d at 574, and plaintiff has not alleged that each individual actually learned about his need for medication, when they learned, nor how they each responded, his claims are subject to dismissal.

However, out of deference to plaintiff's *pro se* status, before dismissing plaintiff's complaint, the court will give plaintiff the opportunity to amend his complaint to include more specific information about his belief that the defendants failed to respond appropriately to his serious medical need. If plaintiff submits a proposed amended complaint no later than **July 17, 2019**, the court will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). In preparing his amended complaint, plaintiff should take care to provide specific information about *when* he reported that his

6

medications were not being refilled in a timely fashion to *each individual defendant*, as well as each defendant's response, or lack of response.  Plaintiff should use the legal standards set forth above as guidelines and attempt to provide a clear timeline of events, including as many dates as possible.  Further, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation.  This means that he should explain:  (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events.  Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements.  After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case.  If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew Soderlin may have until **July 17, 2019**, to amend his complaint to address the deficiencies described above.

2. If Soderlin does not file an amended complaint as directed, this case will be closed without further notice.  Any amended complaint will be screened in accordance with 28 U.S.C. § 1915A.  If the amended complaint fails to comply with this order, the court will dismiss the complaint and this action pursuant to Fed. R. Civ. P. 41(b).

Entered this 26th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge