IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW SODERLIN,

                Plaintiff,                OPINION AND ORDER

   v.                                                  18-cv-899-wmc

LORI DOEHLING, ANGELA THOMPSON,
PAULA BRADY, TIFFANY GIMENEZ,
DEBRA BELLIN and
ANDREA JOHNSON f/k/a ANDREA LAMORE,

                Defendants.

In his civil rights action brought under 42 U.S.C. § 1983, *pro se* plaintiff Matthew Soderlin was granted leave to proceed on claims that nursing staff at the Redgranite Correctional Institution acted with deliberate indifference under the Eighth Amendment and were negligent in failing to fill his prescription for hydrocortisone timely on various occasions between July 12, 2017, and January 4, 2018. (Dkt. #7.) Four motions are now before the court: (1) plaintiff's Rule 59(e) motion for partial reconsideration of this court's July 7, 2021 opinion, which dismissed his state law negligence claims against defendants Debra Bellin and Andrea Johnson (dkt. #68); (2) plaintiff's motion to strike the scheduling order and appoint counsel (dkt. #71); (3) defendants' motion to strike plaintiff's expert witness disclosures on the ground that they are untimely (dkt. #73); and (4) plaintiff's motions for the appointment of counsel (dkts. ## 24, 71). For the reasons described below, the court will: (1) grant plaintiff's motion for reconsideration; (2) grant his motion for a new scheduling order; (3) deny defendants' motion to strike plaintiff's expert witness disclosures; and (4) deny plaintiff's request for counsel.

1

I. **Plaintiff's Motion for Reconsideration**

Under Rule 59(e) of the Rules of Federal Civil Procedure, the court may alter or amend judgments upon a motion filed no later than 28 days after the date of entry. A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (citations and internal quotations omitted). Here, plaintiff argues that this court committed a manifest error of law in dismissing his state negligence claims against defendants Bellin and Johnson, both state-employed nurses, for failure to comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. Having reviewed the parties' respective authorities, the court agrees with plaintiff that this conclusion was in error.

Specifically, this court dismissed plaintiff's negligence claims against Bellin and Johnson because he had failed to name them in the notice of claim filed with the state on January 4, 2018, which this court deemed a statutory prerequisite to suit. (7/7/21 Op. and Ord. (dkt. #77) 12.) Although plaintiff argued that his clams could be fairly construed as alleging medical malpractice claims subject to carve-out from the notice requirements under Wis. Stat. § 893.82(5m), this court rejected that argument, reasoning that plaintiff's claims were not subject to carve-out because he could not bring medical malpractice claims against nurses under Chapter 655 of the Wisconsin Statutes. *Id*. In doing so, this court relied on the exclusion of "nurses" from the definition of "health care providers" subject to individual liability under § 655. Wis. Stat. § 655.002(1); *Patients Comp Fund v. Lutheran Hosp.–La Crosse, Inc.*, 216 Wis. 2d 49, 56, 573 N.W.2d 572, 575 (Wis. Ct. App. 1997).

2

With hindsight, however, the court is persuaded that its focus on § 655 was misplaced. As this court and other district courts in this circuit have recognized, whether nurses are "health care provider" under that statute is beside the point when it comes to *state-employed* nurses because § 655 generally does not apply to state employees *at all*. *See Smith v. Hentz*, No. 15-CV-633-JDP, 2018 WL 1400954, at *2 (W.D. Wis. Mar. 19, 2018) (citing *Wisconsin Med. Soc'y v. Morgan*, 2010 WI 94, ¶ 10, 328 Wis. 2d 469, 787 N.W. 2d 22, for the proposition that the provisions of § 655 are not applicable to "state, county, or municipal employees, or federal employees, which in turn cites Wis. Stat. § 655.003); *see also* Wis. Stat. § 655.003(2) (specifically exempting Wisconsin correctional institutions from mandatory participation in Wisconsin's medical malpractice notice procedures); *Killian v. Nicholson*, No. 17-C-895, 2018 WL 1902587, at *2 (E.D. Wis. Apr. 20, 2018) (Chapter 655 "does not apply to public employees that work for a governmental agency.").

Specifically, in *Smith*, Judge Peterson rejected the state nurse defendants' argument that the plaintiff's state law claims against them should be dismissed because they were not subject to medical malpractice suits under § 655, explaining:

> Defendants are correct that they are not covered by Chapter 655, but that is because *no* state employee is covered by that chapter. Defendants are neither "health care providers" nor employees of a "health care provider." But this just means that Smith's medical malpractice claim proceeds as a "non-Chapter 655 case," to borrow the [Wisconsin Supreme] Court's phrase from *Phelps I*, 2005 WI 85, ¶ 62, subject to the particular rules and restrictions that apply to claims against state employees generally. The fact that defendants are not covered by Chapter 655 does not mean that Smith has no cause of action against them.

*Id*. at *3; *see also Killian*, 2018 WL 1902587, at *2-*3 (rejecting as "false" the assumption that § 655 eliminated the common law claim of medical malpractice falling outside the

3

definition of health care providers in that statute). Shortly thereafter, this court reached the same conclusion in *Carter v. Griggs*, No. 16-CV-252-WMC, 2018 WL 1902885 (W.D. Wis. Apr. 20, 2018), again rejecting a state nurse's argument that the plaintiff's medical malpractice claims against her had to be dismissed because she was not covered by § 655. After observing that there was no legal distinction between a "medical malpractice" claim under § 655 and a common law "negligence" claim relating to medical care decisions by nurses, this court found no support in Wisconsin law for dismissal of the plaintiff's claim. *Id*. at *7 ("Defendant has not cited, and the court has been unable to locate, a case or statute precluding a plaintiff from pursuing a common law medical malpractice claim against a state-employed individual *not* covered by § 655.").

Thus, defendants were simply incorrect in arguing that a plaintiff cannot bring a medical malpractice claim against state-employed individuals not covered under § 655, and this court plainly erred in agreeing. Further, defendants offer no additional support for their suggestion that as used in the notice-of-claim statute, "medical malpractice" is a term of art that means only those claims falling under § 655. Indeed, that construction makes little sense, given § 655 having *no* application to state employees. In other words, § 655 is a proverbial red herring when it comes to plaintiff's medical malpractice claims against any of the state defendants. "Medical malpractice" claims are simply claims of "'negligent medical acts or decisions made in the course of rendering professional medical care.'" *Killian*, 2018 WL 1902587, at *3 (quoting *McEvoy v. Group Health Coop.*, 213 Wis. 2d 507, 530, 570 N.W.2d 397 (1997)). "Indeed, negligence and medical malpractice claims require proof of the same four elements: (1) a breach of (2) a duty owed (3) that results in

4

(4) harm to the plaintiff." *Carter*, 2018 WL 1902885, at *6 (citing *Paul v. Skemp*, 2001 WI 42 ¶ 17, 242 Wis.2d 507, 625 N.W.2d 860). Accordingly, a state law negligence claim against a state-employed health care provider is in effect a "medical malpractice" claim exempt from the notice of claim requirements under Wis. Stat. § 893.82(5m), whether brought against a doctor or nurse. *Schneider v. Kostohryz*, No. 19-CV-756-JDP, 2021 WL 2806225, at *11 (W.D. Wis. July 6, 2021); *Hanson v. Hestekind*, No. 20-CV-429-BBC, 2020 WL 6701871, at *2 (W.D. Wis. Nov. 13, 2020); *Taylor v. Syed*, No. 19-cv-299-JDP, 2020 WL 1939011, at *1 (W.D. Wis. Apr. 22, 2020); *Williams v. Anderson*, No. 17-cv-304-JDP, 2019 WL 6530048, at *6 (W.D. Wis. Dec. 4, 2019).[1]

For completeness' sake, the court acknowledges that its July 7 opinion mistakenly relied on *Tackett v. Jess*, No. 20-1611, 853 F. App'x 11 (7th Cir. Apr. 29, 2021), in finding that plaintiff's medical negligence claims against state nurses were subject to the notice of claim requirements. However, as plaintiff persuasively argues, that reliance was misplaced. Aside from the fact that *Tackett* is a non-precedential decision, the three defendants who failed to file a notice of claim in that case were "not medical professionals and were not involved in [that plaintiff's medical care[.]" *Tackett v. Jess*, No. 19-CV-258-JPS, 2020 WL 1479304, at *2 (E.D. Wis. Mar. 26, 2020). Thus, the plaintiff could not have sued those defendants for "medical malpractice" under *either* Wisconsin common law *or* Chapter 655. What is more, the district court in *Tackett* had already concluded that the plaintiff did *not*

---

[1] In its July 7, 2021, opinion, this court noted that Judge Peterson reached the opposite conclusion in *Cooper v. Guider*, No. 19-CV-159-JDP, 2020 WL 6684697 at *7 n.4 (W.D. Wis. Nov.12, 2020). However, *Cooper* failed to acknowledge either *Taylor* or *Williams* or the ramifications of *Smith*, leaving this court to question whether it may have been decided in error.

5

need to file a notice of claim with respect to a doctor and two nurses alleged to have committed medical malpractice, 2020 WL 1479304, at *2, a finding that was *not* challenged on appeal. Properly viewed in this context, the Seventh Circuit's perfunctory declaration that "[n]on-doctors may not be sued for medical malpractice for the purposes of the notice statute," 853 F. App'x at 14, actually has little, if any, bearing on the issue before this court.

In short, having plainly erred as a matter of law in dismissing plaintiff's medical negligence claims against state nurses Bellin and Johnson for his purported failure to comply with the notice-of-claim statute, the court will vacate that portion of its July 7 opinion and reinstate those claims. The court will also vacate the order to the extent it limited plaintiff's negligence claims against state defendants Lori Doehling and Angela Thompson (HSU Managers) to the time frame between September 6 and October 12, 2017, because that conclusion was also based on the flawed legal conclusion that notice under Wis. Stat. § 893.82 was required as to those state employees as well.

II. **Motion to Strike the Schedule**

On August 4, 2021, plaintiff also filed a motion to strike the current scheduling order, which all defendants oppose. (Dkts. ##71, 73.) Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." In light of the court's ruling on plaintiff's motion for reconsideration, and impending pretrial deadlines in this case, the court is granting this motion, with a few caveats.

The grounds plaintiff raised in asking for a new schedule were that: (1) he believed

the current scheduling order was suspended until the court ruled on the defendants' motions for partial dismissal and summary judgment; (2) he first learned at his July 23, 2021, deposition that the dates remained in place; (3) he needs more time to depose the defendants; and (4) he needs more time to retain an expert witness if the medical malpractice claims against all state health care professionals are reinstated. While all legitimate considerations in adjusting the timing in this case, plaintiff should be aware that the court does not intend to factor all of these consideration in resetting the schedule. .

First, plaintiff fails to explain *why* he thought the scheduling order was suspended. Certainly, the court gave him no reason to think this; to the contrary, on July 1, 2021, this court entered an order *denying* the defendants' request to suspend the proceedings indefinitely. (*See* 7/1/21 Text-only Ord. (dkt. #64) (extending deadline for filing summary judgment motions but affirming that "[t]he other dates set forth in the preliminary pretrial conference order remain in place.").) Plaintiff says nothing in his motion to suggest that he did not receive a copy of the July 1 order, nor otherwise explain what led him to believe the dates in the scheduling order were suspended.

Second, the court will make some adjustments that will help alleviate plaintiff's concerns about discovery. The new deadline for filing summary judgment motions (or supplementing the current motion filed by the state defendants) is December 10, 2021. Responses shall be due January 10, 2022, with replies due January 20, 2022. With this extension of the summary judgment deadlines, plaintiff should have ample time to obtain discovery from defendants before his response is due on January 7. Even so, plaintiff will need to act quickly. Under the Federal Rules, a party generally has 30 days in which to

respond to interrogatories, requests for productions of documents, and requests for admissions, which are the methods commonly used by *pro se* litigants to obtain discovery. *See* Fed. R. Civ. P. 33, 34, 36. Plaintiff will need to serve any discovery requests on defendants promptly if he wants their responses before filing his response to summary judgment motions. Alternatively, plaintiff may attempt to depose some or all of the defendants, but to do so he will need to provide proper notice as set forth in Rule 30, as well as pay for the costs of recording the deposition.

Third, although plaintiff states that he will need to retain an expert now that the state law negligence claims against the state nurses have been reinstated, it is far too late for him to do so. As an initial matter, his deadline for disclosing experts was May 2, 2021, *before* this court dismissed those claims, so plaintiff should have already had an expert witness lined up by then. Moreover, even if plaintiff had been waiting for a ruling on the dismissal motion to see if his claims against the state nurses survived, no such motion was filed with respect to the identical claims against the non-state defendants, which presumably would also require the same (or at least closely related) expert testimony. Thus, plaintiff has failed to show good cause to extend his expert witness deadline.

Accordingly, plaintiff's motion to strike the current deadlines in this case will be granted as follows:

- The deadline for dispositive motions is **December 10, 2021**. Responses are due **January 10, 2022**, and replies are due **January 20, 2022**.
- Discovery cutoff is **May 11, 2022**.
- Rule 26(a)(3) disclosures, motions in limine, proposed voir, proposed jury

8

instruction and proposed verdict forms are due **May 18, 2022**.

- Objections are due **June 1, 2022**.

- Final pretrial videoconference will be held on **June 15, 2022, at 3:00 p.m.**

- A final hearing will be held on **June 27, 2022, at 8:30 a.m.**, with a jury trial to commence at 9:00 a.m. that day.

### III. Motion to Strike Plaintiff's Expert Witnesses

Defendants have moved to strike plaintiff's expert witness disclosures filed on August 4, 2021, as untimely. (Dkt. #73.) Plaintiff named the following individuals: (1) Amanda Rentmeester, Ph.D., a psychologist who treated him during the relevant time period; (2) Sergeant Bays, a correctional officer at the institution who observed plaintiff's demeanor when he did not receive his medication refills; and (3) any health care provider or medical personnel who provided health care services to plaintiff or is otherwise identified in plaintiff's health file. (Dkt. #72.) So far as it appears from plaintiff's disclosures, he does not seek to call these witnesses to establish a standard of care or to opine on the propriety of the defendants' actions or inactions in this case, but rather to offer evidence about their own observations and actions regarding plaintiff's alleged symptoms during periods of medication delays.

As defendants point out, however, the pretrial conference order specified that such witnesses were subject to the May 21, 2021, deadline for disclosure of expert witnesses. (9/30/20 PPTC Ord. (dkt. #26) 7 ("Physicians, nurses and other similar care givers who will be offering evidence only about what they did, and who will not be offering new expert

9

opinions, must be named as experts by the deadlines set forth above, but these types of witnesses do not have to prepare written reports for this lawsuit.").)  While the court generally disfavors missed deadlines, Soderlin is after all *pro se* litigant.  Moreover, the court sees little prejudice to defendants in allowing him to call these largely fact witnesses, given that he named only two and each is expected to testify in accordance with their medical or institution records concerning contemporary interactions with and observations of plaintiff, not with respect to any newly formed opinions.  Finally, to the extent that this case proceeds to trial and either witness strays outside these boundaries and into the prohibited territory of "new" expert opinion testimony that would have required a report, that testimony will be disallowed.  At this juncture, however, the court will deny defendant's motion to strike these witnesses from testifying altogether.

**IV.  Motion to Appoint Counsel**

Plaintiff last asks the court to recruit counsel to help him litigate his case.  In deciding a motion to recruit counsel, a court must consider whether plaintiff has made a reasonable attempt to obtain counsel and whether, given the difficulty of the case, plaintiff appears competent to litigate the case himself.  *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).  The second step is an individualized inquiry that looks to the difficulty of the case relative to the plaintiff's abilities, as demonstrated by his "literacy, communication skills, educational level, and litigation experience," and, if relevant, his "intellectual capacity and psychological history." *Pruitt*, 503 F.3d at 655; *Pennewell v. Parish*, 923 F.3d 486, 491 (7th

Cir. 2019) ("particularized consideration" required).

Although the court is satisfied that plaintiff has made a reasonable attempt to obtain counsel, the court is not persuaded that he cannot litigate this case himself. First, the claims on which plaintiff is being permitted to proceed are not particularly complex. The central issue with respect to each defendant is whether she "knew about his condition and need for prompt medication refills, yet failed to take reasonable measures in response." (6/1/20 Ord. (dkt. #7) 5.) This is a fact-intensive question not involving any complicated questions of causation or medical treatment. Moreover, the time frame at issue is relatively short: from July 12, 2017 to January 4, 2018, at the very latest.

Second, in light of the relatively straightforward nature of this case, the court finds that plaintiff is capable of litigating on his own, particularly in light of his abilities so far. He communicates clearly and logically, and he is able to advocate on his own behalf, as demonstrated by his most recent set of motions. Further, although he claims to lack legal training, he has a high school diploma and a now demonstrated ability to marshal both relevant legal authority and facts in support of his claims, with some obvious success. Finally, plaintiff is no longer incarcerated, which should make it somewhat easier to conduct legal research, prepare documents, and contact defense counsel than most *pro se* litigants that go to trial in this court. As a result, the court sees no basis to conclude that the legal and factual difficulties presented by this case are beyond plaintiff's capabilities.

ORDER

IT IS ORDERED THAT:

11

(1) Plaintiff's motion for partial reconsideration of this court's July 7, 2021, opinion (dkt. #68), is GRANTED. The following portions of the July 7 opinion and order are VACATED:

> (1) the dismissal of the state law negligence claims against defendants Bellin and Johnson; and
>
> (2) the dismissal of plaintiff's negligence claims against state defendants Doehling and Thompson falling outside the time frame between September 6, and October 12, 2017.

These claims are REINSTATED and remain in this lawsuit.

(2) Plaintiff's motion to strike the scheduling order (dkt. #71) is GRANTED, and the court resets the deadlines for filing and responding to summary judgment motions as follows:

- The deadline for dispositive motions is **December 10, 2021**. Responses are due **January 10, 2022**, and replies are due **January 20, 2022**.

- Discovery cutoff is **May 11, 2022**.

- Rule 26(a)(3) disclosures, motions in limine, proposed voir, proposed jury instruction and proposed verdict forms are due **May 18, 2022**.

- Objections are due **June 1, 2022**.

- Final pretrial videoconference will be held on **June 15, 2022, at 3:00 p.m.**

- A final hearing will be held on **June 27, 2022, at 8:30 a.m.**, with a jury trial to commence at 9:00 a.m. that day.

(3) Defendants' motion to strike plaintiff's August 4, 2021, expert witness disclosures (dkt. #73) is DENIED.

(4) Plaintiff's motion for the appointment of counsel (dkt. ## 24, 71) is DENIED.

Entered this 12th day of October, 2021.

                                                        BY THE COURT:

                                                        /s/

                                                        _____
                                                        WILLIAM M. CONLEY
                                                       District Judge